COPY

**Robert Stempler**, Cal. Bar No. 160299
Email: StemplerLaw@Gmail.com
CONSUMER AND TAX LAW OFFICE OF
ROBERT STEMPLER, APLC
3400 Inland Empire Boulevard, Suite 101
Ontario, California 91764-5577

Telephone (909) 972-6841
Facsimile (909) 433-2132

Counsel of Record for Plaintiff

FILED
2008 FEB -4  PM 3:39
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RICK VALENTINE,

    Plaintiff,

vs.

FIRST ADVANTAGE
SAFERENT, INC.;
DOES 1 to 10;

    Defendants.

Case No. ED CV 08 - 00142 VAP (JCRx)

COMPLAINT FOR:
1.  VIOLATING THE FAIR CREDIT REPORTING ACT;
2.  VIOLATING CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ;

and DEMAND FOR JURY TRIAL

<u>Jurisdiction</u>

1.    Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims, pursuant to 28 U.S.C. § 1367 and Rule 18(a) of the Federal Rules of Civil Procedure.

<u>Facts Supporting Each Claim</u>

2.    Early in year 2000, Rick Valentine ("Plaintiff"), a California resident, vacated the residence that he had been renting from Fred Folmer ("Folmer").

3.    Folmer's attorney, Richard S. Collins, mistakenly filed in California state court an eviction lawsuit, also known as an "unlawful detainer" proceeding, against Plaintiff, on which a judgment was entered erroneously.

4. Promptly upon learning of the mistaken filing and erroneous entry of judgment, Mr. Collins had the case dismissed and requested that the California state expunge the record entirely.

5. Subsequently, Mr. Collins prepared a letter dated January 18, 2001 to three credit reporting agencies (Experian, Equifax, and TransUnion) in which he stated that the "unlawful detainer" proceeding was dismissed and that the landlord was seeking to have the State court expunge the record entirely, as it was filed in error ("the Collins Letter"). The Collins Letter also asked that the credit reporting agencies "delete or remove all reference to said Unlawful Detainer action" and invited the credit reporting agencies to contact Mr. Collins directly, in this regard.

6. By letter dated September 16, 2002, Plaintiff sent written notice to The U.D. Registry, Inc., which later merged into First Advantage SafeRent, Inc., explaining the dismissal and expungement of the unlawful detainer proceeding, including a copy of the Collins Letter.

7. In a letter dated September 23, 2002, The U.D. Registry, Inc. responded to Plaintiff's September 16, 2002 letter in which it stated that it would not remove the unlawful detainer proceeding, because it has a constitutional right to report it, but it invited Plaintiff to explain why the proceeding should not be reported.

8. By letter dated November 1, 2002, Plaintiff sent written notice to The U.D. Registry, Inc. which explained further that Plaintiff disputed the reporting of the unlawful detainer, as the matter was dismissed and that the eviction action should be removed from his credit report and continued reporting would result in litigation.

9. In a letter dated November 13, 2002, The U.D. Registry, Inc. responded by stating that it would not remove the unlawful detainer proceeding, because Plaintiff's position was "not worthy" and that two judges and three licensed attorneys cannot properly advise Plaintiff on the status of the law.

10.     By letter dated December 14, 2002, Plaintiff sent written notice under oath to The U.D. Registry, Inc. which referred to The U.D. Registry Inc.'s November 13, 2002 letter and explained further that Plaintiff disputed the reporting of the unlawful detainer, as the matter was dismissed, including a copy of the Collins Letter.

11.     Plaintiff failed to receive any response from The U.D. Registry Inc. to his letter dated December 14, 2002.

12.     In 2003, Plaintiff applied for a rental unit in Corona, California and, as a result of The U.D. Registry, Inc.'s erroneous reporting, Plaintiff was required to pay the landlord an extra $800 for the security deposit.  Plaintiff now resides in Corona, at this residence.

13.     Subsequently, Plaintiff filed an action against  The U.D. Registry, Inc. in the Small Claims Court of the Los Angeles Superior Court in Van Nuys, and the Small Claims Court entered judgment for Plaintiff regarding The U.D. Registry, Inc.'s reporting of the unlawful detainer proceeding.

14.     After the Small Claims Court's finding for Plaintiff, The U.D. Registry Inc. appealed the decision and, following a trial de novo by the Superior Court of California for the County of Los Angeles, a judgment was entered on April 27, 2004 for Plaintiff in the amount of $200 plus court costs of $30.

15.     At the time of Plaintiff's small claims lawsuit, The U.D. Registry Inc. had an office in Van Nuys and then in Encino, in Los Angeles County, CA.

16.     Despite Plaintiff's efforts to enforce it, Plaintiff's judgment against The U.D. Registry Inc. has not been paid and remains outstanding.

17.     In or around 2004,The U.D. Registry Inc. was merged into and became a part of defendant First Advantage SafeRent, Inc. (as it is now known).

18.     As part of its merger, The U.D. Registry Inc. transferred all of its information about the unlawful detainer against Plaintiff to defendant First Advantage SafeRent, Inc. (as it is now known).

19. On September 10, 2006, defendant First Advantage SafeRent, Inc. (using the name "First American Registry Inc.") reported the false, incomplete, and inaccurate information about the unlawful detainer against Plaintiff to Coldwell Banker in connection with Plaintiff's rental application in Running Springs, CA.

20. The only derogatory item in the consumer/credit report provided on September 10, 2006 by defendant First Advantage SafeRent, Inc. (using the name "First American Registry Inc.") to Coldwell Banker was the erroneous unlawful detainer against Plaintiff, which resulted in Plaintiff's application to rent being declined.

21. On or about March 20, 2007, Plaintiff called defendant First Advantage SafeRent, Inc. and spoke with a representative named Robin Smalls, who gave Plaintiff directions on how to submit an investigation request to defendant First Advantage SafeRent, Inc.

22. On March 20, 2007, Plaintiff sent defendant First Advantage SafeRent, Inc. a First Advantage SafeRent reinvestigation request form CRD-002 which stated that the unlawful detainer proceeding was filed in error and referred to the Collins Letter, which he enclosed. He also stated that the unlawful detainer proceeding, as he viewed it, had passed the seven-year reporting period.

23. Shortly thereafter, defendant First Advantage SafeRent, Inc. sent Plaintiff a written form response that it would not process Plaintiff's request, because the form lacked an "original signature." The form response referred to a notice entitled "Summary of Your Rights under the Fair Credit Reporting Act" and included this notice and "Additional Summary of Rights" for California Residents.

24. Defendant First Advantage SafeRent, Inc.'s response to Plaintiff's dispute letter did not state that Plaintiff's dispute was frivolous or irrelevant.

25. Plaintiff called defendant First Advantage SafeRent, Inc., upon receiving this response. Again, Plaintiff spoke with a representative named Robin

1  Smalls.  Plaintiff asked Robin Smalls why his request was rejected, and she said
2  that they need an original signature on the request.  Plaintiff explained to her that
3  he sent an original signature on the request.  She said that he did not and she
4  would not start an investigation until she receives an original signature.

5        26.    In April of 2007, Plaintiff contacted defendant First Advantage
6  SafeRent, Inc. through its Web site to explain again that Plaintiff disputed the
7  reporting of the unlawful detainer.  He indicated that the proceeding was filed in
8  error and notified the credit reporting agencies to delete it, as stated by the
9  landlord's attorney, and because of the seven-year reporting period.

10        27.    On or about April 29, 2007, defendant First Advantage SafeRent, Inc.
11  sent Plaintiff a written response that it would not process Plaintiff's request,
12  because it does not consider an email a proper means of communicating disputes.

13        28.    Defendant First Advantage SafeRent, Inc.'s response to Plaintiff's
14  email dispute did not state that Plaintiff's dispute was frivolous or irrelevant.

15        29.    In a letter dated May 12, 2007, Plaintiff sent defendant First
16  Advantage SafeRent, Inc. a written notice explaining further that Plaintiff disputed
17  the reporting of the unlawful detainer, as the seven-year reporting period had
18  expired and the proceeding was filed in error, again providing the First Advantage
19  SafeRent reinvestigation request form CRD-002.

20        30.    Shortly thereafter, defendant First Advantage SafeRent, Inc. sent
21  Plaintiff a written response stating that it would not process Plaintiff's request,
22  because the form lacked an "original signature."  The form response referred to a
23  notice entitled "Summary of Your Rights under the Fair Credit Reporting Act" and
24  included this notice and "Additional Summary of Rights" for California Residents.

25        31.    Defendant First Advantage SafeRent, Inc.'s response to Plaintiff's
26  dispute letter did not state that Plaintiff's dispute was frivolous or irrelevant.

27        32.    Plaintiff called defendant First Advantage SafeRent, Inc., upon
28  receiving this response.  Again, Plaintiff spoke with a representative named Robin

1  Smalls. Plaintiff asked Robin Smalls why his request was rejected yet again, and
2  she said that they need an original signature on the request. Plaintiff told her that
3  this is ridiculous, as he sent his original signature. Robin Smalls said, "I don't see
4  it that way." Plaintiff then told her that her company is violating Federal law that
5  pertains to credit reporting and she left him no other choice but to take her
6  company to court. Robin Smalls said, "Go ahead, we have attorneys. No big
7  deal."
8      33. In a letter dated June 27, 2007, which defendant First Advantage
9  SafeRent, Inc. received on July 2, 2007, Plaintiff requested a copy of his free
10 annual credit report under FACTA, enclosing a copy of his drivers license and a
11 recent utility bill.
12     34. Defendant First Advantage SafeRent, Inc. did not respond to
13 Plaintiff's letter dated June 27, 2007 or provide him with a free copy of his credit
14 report.
15     35. Some time after April 2007 and without any notice to Plaintiff,
16 defendant First Advantage SafeRent, Inc. removed the erroneous unlawful
17 detainer from its credit reports about Plaintiff.
18     36. In Plaintiff's experiences and communications, it is defendant's
19 practice to ignore consumer disputes, evade the applicable statutes, and
20 deliberately misrepresent its obligations under the law towards consumers.
21
22 <center>FIRST CLAIM FOR RELIEF</center>
23 <center>Violating the Fair Credit Reporting Act</center>
24 <center>As to Defendant First Advantage SafeRent, Inc.</center>
25     37. Those paragraphs under the headings "Jurisdiction" and "Facts
26 Supporting Each Claim" are incorporated by reference herein.
27     38. Plaintiff is a "consumer," as defined by the Fair Credit Reporting Act
28 ("FCRA") § 603, codified at 15 U.S.C. § 1681a(c).

39. Defendant is a consumer reporting agency as defined by FCRA § 603, codified at 15 U.S.C. § 1681a(f).

40. Defendant reported false, inaccurate, incomplete, and obsolete information concerning Plaintiff, who disputed the information several times.

41. Defendant failed to properly reinvestigate or respond to Plaintiff's disputes, as required by the FCRA.

42. Defendant refused to provide Plaintiff with a copy of his credit report and the summary of rights, as required by the FCRA.

43. Defendant wilfully and/or negligently failed to comply with the requirements of the FCRA.

## SECOND CLAIM FOR RELIEF

### Violating California Business & Professions Code § 17200 et seq

### As to Defendant First Advantage SafeRent, Inc.

44. Those paragraphs under the headings "Jurisdiction" and "Facts Supporting Each Claim" are incorporated by reference herein.

45. As more particularly described above, defendant's acts and/or practice of failing to comply with the FCRA, separately, together, or in combination, constitute "unfair or deceptive acts or practices" by defendant, which are prohibited and may be enjoined, pursuant to California Business and Professions Code §§ 17200 and 17203.

46. Pursuant to California Business and Professions Code §§ 17203 and 17204, Plaintiff is empowered to act as a private attorney general to enjoin such conduct.

47. Defendant has engaged in unfair competition by, among other things, failing to comply with the FCRA. This conduct is unlawful, unfair, or deceptive, and thus constitutes unfair competition.

Demand for Judgment

WHEREFORE, plaintiff prays for judgment as follows:

1. On the First Claim for Relief, for violating the Fair Credit Reporting Act, pursuant to FCRA § 616, codified at 15 U.S.C. § 1681n, an award of actual and punitive damages, injunctive relief, and costs of the action together with reasonable attorney's fees;

2. On the First Claim for Relief, for violating the Fair Credit Reporting Act, pursuant to FCRA § 617, codified at 15 U.S.C. § 1681o, an award of actual damages, and costs of the action together with reasonable attorney's fees;

3. On the Second Claim for Relief, for Violating California Business & Professions Code § 17200 et seq., an order enjoining the defendants and their employees and agents from engaging in further violations of the statutes referenced, and from doing the acts which are considered unfair and/or deceptive by the allegations in this claim; all orders necessary to enforce such injunctions, including the establishment by the defendants of a fund to spot-check and monitor compliance with the foregoing injunction; and an award of attorney's fees and costs, pursuant to California Code of Civil Procedure § 1021.5;

4. And for such other and further relief as the court deems proper.

DEMAND FOR JURY TRIAL

Please take notice that the plaintiff demands trial by jury in this action.

By: Robert Stempler, a member of
CONSUMER AND TAX LAW OFFICE OF
ROBERT STEMPLER, APLC,
Counsel of Record for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is John Charles Jr. Rayburn.

The case number on all documents filed with the Court should read as follows:

**EDCV08- 142 VAP (JCRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [X] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY


COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
RICK VALENTINE

**DEFENDANTS**
FIRST ADVANTAGE SAFERENT, INC.

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Riverside

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert Stempler, Telephone No. (909) 972-6841
Consumer & Tax Law Ofc of Robert Stempler, APLC
3400 Inland Empire Blvd., Suite 101
Ontario, CA 91764-5577

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ N/A

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act, 15 U.S.C. § 1681 et al.; CREDIT Reporting Issues

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: **ED CV 08 - 00142 VAP (JCRx)**

CV-71 (07/05)                                  CIVIL COVER SHEET                                  Page 1 of 2

FEB - 4 2008

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Riverside

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
   Maryland state

List the **California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Riverside

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date  02/01/2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |